**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 96-7150**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO CARRILLO, a/k/a Kiko,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. William L. Osteen, Sr., District Judge. (CR-91-256-S)

Submitted: December 19, 1996        Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Francisco Carrillo, Appellant Pro Se. David Bernard Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have sixty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on June 9, 1995; Appellant's notice of appeal was filed on July 19, 1996. Appellant's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the deci-

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

sional process. The motion for clarification and equitable relief is denied.

DISMISSED